**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000692
15-OCT-2012
08:36 AM**

NO. CAAP-11-0000692

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DAVID LEE APPLEBAUM,
Plaintiff-Appellant,
v.
CAROLE JOANN BROOKS, fka CAROLE APPLEBAUM,
Defendant-Appellee


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 95-4613)


MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Fujise, JJ.)


Plaintiff-Appellant David Lee Applebaum (Husband) appeals from the "Order Denying Plaintiff's May 21, 2010 Motion For Post-Decree Relief," entered September 7, 2011 in the Family Court of the First Circuit[1] (family court).

## I.  BACKGROUND

Husband and Defendant-Appellee Carole Joann Brooks aka Carole Applebaum (Wife) married December 29, 1987 in Honolulu. After ten years of marriage, the parties filed for divorce, and a hearing was held in 1998. At the time, both were retired, and had

---

[1]     The Honorable Paul T. Murakami presided.

no children together. Husband's net worth was approximately $6,532,737.63, and his net monthly income was $23,077.71. He claimed total monthly expenses of $64,628.18 and a monthly deficiency of $41,550.47. Wife claimed total monthly expenses of $17,373 with no income.

On March 6, 1998, following a three-day trial, the family court issued a divorce decree (Decree) dissolving the parties' marriage. The Decree included the following provisions:

> 4. Alimony. Beginning with the first payment on April 1, 1998, [Husband] shall pay to [Wife] the sum of $10,000.00 per month as and for alimony, such amount to be paid on the 1st day of each month. Each payment of alimony shall be for the month which begins on the due date of the payment.
>
> Alimony shall continue until the happening of the first of the following events, at which point it shall terminate:
>
> (a) The death of [Husband];
>
> (b) The death of [Wife]; or
>
> (c) [Wife's] remarriage.
> . . . .
>
> All of the foregoing shall be subject to further order of the Court.

On May 21, 2010, Husband filed a "Motion and Affidavit for Post-Decree Relief" (Modification Motion) seeking termination or reduction of his monthly alimony obligation under the Decree. At the time, Husband was 77 years old, and Wife was 74. The family court held a hearing on Husband's Modification Motion on August 12, 2011.

On August 22, 2011, the family court announced its decision denying the Modification Motion. After considering the parties' circumstances, including Husband's diminished estate, the parties' age, and Wife's needs, the court determined Husband had not shown a material change in circumstance warranting modification. On September 7, 2011, the family court issued its "Order Denying Plaintiff's May 21, 2010 Motion For Post-Decree Relief." Husband timely filed a notice of appeal September 16,

2

2011, and the family court entered its "Findings of Fact and Conclusions of Law" November 15, 2011.

On appeal, Husband contends the family court erred in concluding that Husband had failed to establish a material change in circumstances had occurred since the Decree. Specifically, Husband challenges the following Findings of Fact (FOFs):

> 8. Both parties are currently retired. [Husband] notes a gross monthly income based on investments of $42,890.00[.]

> 9. [Husband] stated at the time of the short trial in August, 2011 that his net worth was approximately $4,644,718.00, noting that he was now remarried and that arguably, his now [sic] wife was actually an owner of this net worth, and therefore his sole worth was somewhat less than the total worth.

Husband also challenges the following conclusions of law (COLs):

> 2. [Husband] claims financial circumstances have changed since 1998, necessitating a modification of the prior support order. In evaluating this request, the Court needs to evaluate (a) the payee's need, (b) the payee's ability to meet that need without spousal support, (c) the payor's need, (d) the payor's ability to pay support. Vorfeld v. Vorfeld, 8 Haw. App. 391 (1991).

> 3. The Court concludes that while there has been a diminution of the [Husband's] overall estate since the trial in 1998, it is not of sufficient magnitude to be deemed a material change sufficient to warrant a change based on any change in [Husband's] circumstances. Moreover, [Wife] still demonstrates a need for continued support without ability to meet those needs without said support.

## II.   STANDARDS OF REVIEW

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, [an appellate court] will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.
>
>             . . . .
>
> The family court's FOFs are reviewed on appeal under the "clearly erroneous" standard. A FOF is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made. "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

> On the other hand, the family court's COLs are reviewed on appeal *de novo*, under the right/wrong standard. COLs, consequently, are "not binding upon an appellate court and are freely reviewable for their correctness."

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001)).

## III. DISCUSSION

### A. Findings of Fact 8-9

Husband contends the family court erred in FOF 8 when it found Husband's gross monthly income was $42,890. Husband's August 8, 2011 income and expense statement was admitted into evidence at the modification trial and states his gross monthly income was $35,060.40. The family court's FOF appears to be based on the income and expense statement filed with Husband's Modification Motion on May 21, 2010.

In Vorfeld, this court held that when considering whether a material change in circumstances has occurred, the family court must consider "relevant circumstances that are proven to exist *at the time of the modification hearing*[.]" Vorfeld v. Vorfeld, 8 Haw. App. 391, 402, 804 P.2d 891, 897 (1991) (emphasis added). Wife challenged the expenses on Husband's 2011 statement, but she raised no challenges to the income he reported. Nothing else in the record raises a question about the statement's authenticity or credibility, and the family court did not indicate any reason for basing its finding on a statement filed more than one year before the hearing. Because we are "left with a definite and firm conviction that a mistake has been made," we conclude FOF 8 was clearly erroneous. Nevertheless, under Hawai'i Family Court Rules Rule 61 (2000) ("Harmless Error"), "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding that does not affect the substantial rights of the parties." In light of the other uncontested evidence of Husband's financial situation in the record, we conclude the clear error in FOF 8 did not affect the family court's outcome and was therefore harmless.

4

Husband's challenge to FOF 9 is based on the family court's calculation that Husband's net worth was "approximately $4,644,718.00." Husband's August 8, 2011 asset and debt statement and his trial memorandum reflected a net worth of $4,633,718.90, but both documents included a note attributing 21.1% of that net worth to his current wife for her contributions. Accordingly, Husband testified at the trial his individual net worth should be $3,664,683.22. However, other than his own testimony, Husband provided no additional documentation or evidence to support his claim, though he did introduce extensive documentation about Wife's finances. Based on this record, we cannot conclude that the family court clearly erred in its factual finding. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360 (internal quotation marks and citation omitted).

## B. Conclusions of Law 2-3

Although Husband listed COL 2 as a point of error, he fails to provide a discernible argument. The only mention of COL 2 quotes language from COL 3 and incorrectly attributes that language to COL 2. Therefore, the point of error is waived. Hawaiʻi Rules of Appellate Procedure 28(b)(7) (2010); Int'l Sav. and Loan Ass'n, Ltd. v. Carbonel, 93 Hawaiʻi 464, 473, 5 P.3d 454, 463 (App. 2000) ("An appellate court need not address matters as to which the appellant has failed to present a discernible argument.").

Husband's principal argument on appeal is that the family court erroneously concluded Husband's diminished net worth was not a material change and failed to consider Wife's ability to meet her needs and her efforts to attain self-sufficiency. Under Hawaii Revised Statutes § 580-47(d) (2006 Repl.), a party may seek modification of a spousal support order where there has been a material change in financial or physical circumstances, or

upon a showing of other good cause. A spousal support modification hearing is not a review hearing, but rather "a new hearing based on changed circumstances" where "the burden is on the moving party to prove his or her entitlement to a modification." Saromines v. Saromines, 3 Haw. App. 20, 28, 641 P.2d 1342, 1348 (1982).

In Vorfeld, this court stated: "A material change in the relevant circumstances has occurred when a party's relevant circumstances that are proven to exist at the time of the modification hearing are materially different from the party's relevant circumstances that were proven to exist when the family court entered its spousal support order." Vorfeld, 8 Haw. App. at 402, 804 P.2d at 897. The relevant circumstances are (1) the payee's need (determined by the amount of money needed to maintain the standard of living established during marriage); (2) the payee's ability to meet his or her need without spousal support; (3) the payor's need (again, determined by the amount of money needed to maintain the standard of living established during marriage); and (4) the payor's ability to pay spousal support while meeting his or her own need as well. Id. at 402-03, 804 P.2d at 897-98.

## 1. Husband's Circumstances

Husband argues the diminution in his individual net worth constitutes a material change in circumstance warranting reduction of his alimony obligation. At the August 12, 2011 trial, Husband testified he had a monthly deficiency of $25,942, as reflected on his August 8, 2011 income and expense statement. Over the years, he has met this deficiency by selling his assets, and consequently his net worth has decreased from $6.5 million in 1998 to $4.6 million. Husband acknowledges his monthly expenses have decreased and his income has increased slightly since the divorce; however, he claims his net worth has nevertheless decreased because of his alimony obligation and the increased financial support he has provided to his parents since the divorce (which for a time was more than double the amount he

reported paying in 1998). According to Husband, his net worth will be completely depleted in twelve to fifteen years unless his alimony obligation is reduced.

However, Husband concedes he is currently able to continue paying spousal support, and the parties' income situation at the 2011 trial was largely similar to the parties' income situation when the family court issued the Decree. When the parties divorced, Husband reported a net monthly income of $23,077.71. The equivalent income in 2011 after adjusting for inflation is $31,847.10,[2] and his August 8, 2011 statements show a net monthly income of $29,643.80. Changes (or in this case, the lack thereof) in the parties' respective incomes is a principal consideration when determining whether good cause exists warranting support modification. See Saromines, 3 Haw. App. at 28-29, 641 P.2d at 1348-49.

Furthermore, in 1998 Husband was already retired, relied on substantially the same income sources, paid a greater amount of parental support than in 2011, and reported a monthly cash flow deficiency of $41,550.47. Despite this deficiency, the family court apparently found Husband capable of paying Wife $10,000 a month in alimony, increasing his monthly deficiency to $51,550.47. We must accept that when the family court made its initial determination to award spousal support, it considered all of the applicable factors of the statute governing spousal support. Saromines, 3 Haw. App. at 28, 641 P.2d at 1348. In this case, we must assume when the family court issued the Decree, it considered the likelihood that Husband's high monthly deficiency combined with his alimony obligation would significantly diminish Husband's estate over time. At the modification trial, the family court gave proper consideration to Husband's diminution of assets but determined the change was not material because "significant amounts" remain. The family court

---

[2] U.S. Bureau of Labor Statistics, Inflation Calculator, Bureau of Labor Statistics, www.bls.gov/data/inflation_calculator.htm.

found that Husband's net worth remains approximately $4.6 million, and despite Husband's claim of a current monthly deficiency of $25,942, the family court held Husband to his duty to "exert reasonable efforts to conduct his affairs within the general confines of the obligations imposed" by the Decree. Saromines, 3 Haw. App. at 28, 641 P.2d at 1349. Based on this record, we cannot conclude the family court erred in finding no material change in Husband's circumstances sufficient to warrant spousal support modification.

## 2. Wife's Circumstances

Husband challenges the credibility and accuracy of Wife's reported needs because Wife has at times reported different values for her assets. Husband also argues Wife's expenses should be reduced because a male friend contributes to her expenses and because she has improperly spent money on her male friend and her mother. Wife contested Husband's allegations at the trial however, claiming she based her valuation on accurate information at the time. She also claimed to live alone and denied exchanging significant funds with her friend or her mother. Because "[t]he appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence[,]" we conclude the family court did not abuse its discretion in determining Wife's needs. Onaka v. Onaka, 112 Hawai'i 374, 384, 146 P.3d 89, 99 (2006) (internal quotation marks omitted).

Husband also claims the family court failed to consider Wife's ability to meet her own needs. However, the family court specifically made findings about Wife's decreased monthly expenses (from $17,373 in 1998 to $11,306.20 in 2011) and her additional income from social security and interest income. The family court had extensive evidence from both parties documenting Wife's expenses, and found her reasonable monthly need of $10,000 remained unchanged in 2011. Although Wife's decreased expenses

are relevant, that factor alone does not warrant modifying alimony obligations and must be weighed with other considerations impacting her ability to support herself. In this case, Wife's age, length of time out of the workforce, limited employment and income prospects, and dependence on alimony support were all factors that existed in 1997 and remained relatively unchanged in 2011. Based on this record, we conclude the family court properly considered Wife's circumstances and did not err when it found that no material change had occurred.

Lastly, Husband argues Wife has failed to make reasonable efforts to fully meet her need on her own. Under Vorfeld, "[a]ny part of the payee's current need that was caused by the payee's violation of his or her duty to exert reasonable efforts to attain self-sufficiency at the standard of living established during the marriage may not be considered and must be ignored." Vorfeld, 8 Haw. App. at 403, 804 P.2d at 898. Husband challenges Wife's failure to generate income, as well as her decision to live alone and to make repairs and improvements to her new three-bedroom house. Wife argues she made reasonable efforts, given her circumstances. Wife testified that although she had not regularly worked during the marriage, after the divorce she worked for a real estate company for seven to eight years, earning about $20,000 a year. She earned enough money to purchase real property in Hawaii, then moved to Washington and purchased property with the proceeds from the sale of her Hawaii property. Wife claims she considered continuing work in Washington but ultimately decided to retire because the real estate market was weak. She was 72 at the time. As the family court noted, some of the parties' lifestyle choices may have been questionable. Nevertheless, in light of Wife's age, efforts, and the standard of living established during the marriage, we conclude the family court did not abuse its discretion in denying modification despite Wife's failure to become self-sufficient.

IV. CONCLUSION

Based on the above, the "Order Denying Plaintiff's May 21, 2010 Motion For Post-Decree Relief," entered September 7, 2011 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 15, 2012.


On the briefs:

Charles T. Kleintop
Dyan M. Medeiros
(Kleintop, Luria & Medeiros)
for Plaintiff-Appellant.

Carole JoAnn Brooks
Defendant-Appellee pro se.

Chief Judge

Associate Judge

Associate Judge

10